IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. RIVERA, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-400-LPS |
| STEVEN WESLEY, et al., | : |
| Defendants. | : |

Michael A. Rivera, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION



March 9, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Michael A. Rivera ("Plaintiff"), a pretrial detainee at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. §§ 1983,[1] 1985,[2] 1986,[3] and 1988,[4] alleging violations of his constitutional rights. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## II. BACKGROUND

Plaintiff alleges violations of the First, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff has been held at the HRYCI since at least late December 2016.[5] It is not clear from the Complaint if he is housed in HRYCI's East Wing or West Wing. He raises claims

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Plaintiff does not identify under which section of 1985 he proceeds, but presumably it is § 1985(3). To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy of two or more persons; (2) motivated by racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or to the deprivation of any right or privilege of a citizen of the United States." *Petrosian v. Collins*, 479 F. App'x 409, 410 (3d Cir. May 8, 2012) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).

[3] A cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under 42 U.S.C. § 1986. *See Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir. 1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976).

[4] Section 1988 concerns the award of attorney's fees in civil rights cases. *See* 42 U.S.C. § 1988.

[5] The Court takes judicial notice that Plaintiff was extradited from Pennsylvania to Delaware to face criminal charges following an August 7, 2015 trial in the Court of Common Pleas of Chester County Criminal Division. *See Commonwealth v. Rivera*, 2016 WL 5416698 (Pa. Super. Aug. 23, 2016); *see also* http://www.delawareonline.com/story/news/crime/2015/08/11/man-charged-mothers-murder/31462863/ (Oct. 18, 2016).

1

regarding: (1) law library access against HRYCI Warden Steven Wesley ("Wesley"), (2) conditions of confinement, (3) loss of privileges against Wesley, Dawn McQuiston ("McQuiston"), Lt. Russell ("Russell"), and Sgt. Watts ("Watts"), (4) the grievance procedure against Wesley, Lt. Gibson ("Gibson"), and Lt. Dufarge ("Dufarge"), (5) legal mail procedures, and (6) retaliation against C/O Hetrick ("Hetrick"), C/O Cohen ("Cohen"), and Cpl. Gayheart ("Gayheart"). Delaware Department of Correction ("DOC") Commissioner Robert Coupe ("Coupe") is also named as a defendant. Plaintiff seeks injunctive relief and compensatory and punitive damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a

2

"clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

3

*Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement

In two of Plaintiff's claims, unlawful conditions of confinement and legal mail practices, he fails to identify the individuals allegedly responsible for violating his constitutional rights. In addition, he alleges Commissioner Coupe "should have knowledge of the conditions of [the HRYCI] as it is an ongoing issue/custom." (D.I. 2 at 8) "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). Under the liberal notice pleading standard of Rule 8(a), and with regard to the conditions of confinement and the legal mail

4

claims, the Complaint fails to identify persons responsible for the claims. In addition, with regard to Coupe, the Complaint fails to allege facts that, if proven, would show his personal involvement. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980). The complaint fails to include any of those elements.

Therefore, the Court will dismiss Coupe, as well as the conditions of confinement and legal mail claims, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate claims against Defendants, he will be given an opportunity to amend his pleading against Coupe and as to these two claims. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B.     42 U.S.C. §§ 1985 and 1986

Plaintiff attempts to raise claims under 42 U.S.C. § 1985 and § 1986. Section 1985 is directed to a conspiracy claim. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). It is a well-settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726.

Plaintiff fails to state a cause of action for conspiracy under § 1985. He fails to allege any facts from which one could infer an agreement or understanding among Defendants to violate his

5

constitutional rights. Nor are there allegations of racial or class-based discriminatory animus. In addition, because Plaintiff fails to state a claim under § 1985, he also fails to state a claim under § 1986. Therefore, the § 1985 and § 1986 claims will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Law Library

Plaintiff alleges that, as a pretrial detainee, he is provided access to the law library different from that provided to sentenced inmates. Plaintiff informed the law library and Wesley of his pending appeal and civil litigation in an effort to receive an exception to established law library procedures, but did not prevail. Plaintiff wishes to receive "reasonable better access" and alleges that the law library process as a whole is insufficient even for one with adequate knowledge of the law. (D.I. 2 at 2)

Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *See Howard v. Snyder*, 389 F. Supp. 2d 589, 593 (D. Del. 2005).

Plaintiff must at least have access to a prison paralegal or paging system by which to obtain legal materials. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 203 (3d Cir. 1993) (holding that segregated prisoners with no access to institution's main law library must have some means by which

documents and materials can be identified by and furnished in timely fashion). By Plaintiff's own admission, he is not being deprived of access to the law library. The Court takes note of his allegations, but they do not rise to the level of a constitutional violation. Therefore, the law library access claim will be dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### D. Loss of Privileges

Plaintiff alleges that Defendants have unfairly meted out loss of privileges. For example, he complains that when a pretrial detainee is given a 24-hour loss of all privileges, it results in an even longer time before a detainee may take a shower and, in his case, as long as a 38 hours between showers. Plaintiff explains that on April 21, 2016, when he asked Watts if he could shower, Watts told him that it was a privilege and denied the request.

While Plaintiff characterizes the delay in showering as loss of privilege claim, it is actually a conditions of confinement claim. Conditions of confinement claims filed by pretrial detainees are not analyzed under the Eighth Amendment but, instead are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 157-60 (3d Cir. 2005). When evaluating the prison conditions to which a pretrial detainee is subject, "the proper inquiry is whether those conditions amount to punishment of the detainee" without due process of law. *Bell*, 441 U.S. at 535. There is a "distinction between punitive measures that may not be constitutionally imposed prior to a determination of guilt and regulatory restraints that may." *Id.* (internal citations omitted).

In assessing whether pretrial confinement amounts to punishment:

> [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention facility officials, that

> determination generally will turn on whether [it has] an alternative
> purpose . . . and whether it appears excessive in relation to [that]
> purpose. . . . Thus, if a particular condition or restriction of pretrial
> detention is reasonably related to a legitimate governmental objective,
> it does not, without more, amount to "punishment." Conversely, if a
> restriction or condition is not reasonably related to a legitimate goal –
> if it is arbitrary or purposeless – a court may permissibly infer that the
> purpose of the governmental action is punishment that may not
> constitutionally be inflicted upon detainees qua detainees.

*Id.* at 538-39 (citations, brackets and internal quotations omitted).

Third Circuit precedent establishes that, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted prisoners." *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987) (quoting *Hamm v. DeKalb Cnty.*, 774 F.2d 1567 (11th Cir. 1985)). As the requirements of the Eighth Amendment set a "floor" for analysis of Fourteenth Amendment due process claims, it is worth noting that a pretrial detainee's "desire to be free from discomfort" is insufficient to establish a fundamental liberty interest protected by the constitution. *See Bell*, 441 U.S. at 534-35.

Plaintiff alleges that Watts violated his constitutional rights by delaying his access to a shower. Plaintiff does not allege that the delayed shower caused him injury. Regardless, the Third Circuit has established that a "minimal civilized measure of life's necessities" does not dictate that one must shower each day or even each week. *See Laurensau v. Romarowics*, 528 F. App'x 136, 139-140 (3d Cir. June 13, 2013) (no constitutional violation where inmate was denied access to showers for seven days); *Dockery v. Beard*, 509 F. App'x 107, 113 (3d Cir. Jan. 11, 2013) ("limiting inmates to one shower a week does not violate Eighth Amendment"); *Adderly v. Ferrier*, 419 F. App'x 135, 139-40 (3d Cir. Mar. 10, 2011) (no constitutional violation where inmate was denied access to showers for seven days); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. Dec. 13, 2010) (no denial of due

process where pre-trial detainee was denied access to exercise and shower facilities two days each week). The delay in showering claim is legally frivolous. Therefore, the Court will dismiss the claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff also alleges denial of use of the telephone for both personal telephone calls and legal telephone calls. He explains he did not submit any numbers to be put on his phone pin because he was waiting to receive numbers to submit. (D.I. 2 at 4-5) Once he received the numbers, which included five personal number and four legal numbers, he made a written request to have the numbers put on. (*Id.* at 5) When there was no response, Plaintiff submitted a written request to McQuiston and wrote to Wesley. He attempted to speak to Russell about the issue on May 17, 2016, but was ignored. Plaintiff alleges that the entire West Wing population numbers were put on.

Inmates have First Amendment rights notwithstanding their incarceration, but these rights are necessarily circumscribed because of the legitimate penological and administrative interests of the prison system. *See Vester v. Rogers*, 795 F.2d 1179, 1182 (4th Cir. 1986) ("Although a prisoner does not shed his First Amendment rights at the prison portals, it is equally true that lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights."). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Almahdi v. Ridge*, 201 Fed. App'x. 865 at n.2 (3d Cir. Oct. 27, 2006) (internal quotation marks and citations omitted).

Liberally construing the Complaint in Plaintiff's favor, as the Court must, Plaintiff has stated § 1983 claims regarding telephone use against Wesley, McQuiston, and Russell. Therefore, he will be allowed to proceed with these claims.

### E. Grievances

The Complaint contains numerous allegations regarding grievances submitted by Plaintiff that were returned unprocessed or denied. Plaintiff was told that Gibson, Dufarge, and Wesley are the individuals responsible for addressing the issues raised in his grievances. The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). The denial of grievance appeals does not in itself give rise to a constitutional claim, as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Gibson, Dufarge, and Wesley as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### F. Retaliation

Plaintiff alleges retaliatory conduct since his arrival at the HRYCI. He states that he has attempted to grieve, or has addressed, all issues that he felt were unjust. (D.I. 2 at 6) He alleges that the most recent retaliatory conduct occurred on May 23, 2016, when Hetrick and Cohen followed Gayheart's orders and conducted a full pod search which included a strip search of those in his cell, when other individuals were not strip searched.

Case 1:16-cv-00400-LPS Document 13 Filed 03/09/17 Page 12 of 13 PageID #: 46

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). Proof of a retaliation claim requires Plaintiff to demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

The Complaint as it now stands fails to state a retaliation claim. While Plaintiff alleges that he submitted grievances and complained (*i.e.*, protected activity) and that he was subjected to adverse actions by state actors, the Complaint does not allege that the protected activity was a substantial motivating factor in Defendants' acts on May 23, 2016. Nothing in the Complaint indicates that Hetrick, Cohen, or Gayheart were aware of the grievances submitted by Plaintiff. Nor does Plaintiff provide the dates he complained or submitted the grievances that allegedly sparked the retaliatory conduct.

Therefore, the Court will dismiss the retaliation claims for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Since it appears plausible that Plaintiff may be able to articulate claims against the foregoing Defendants, he will be given an opportunity to amend these claims.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the law library claim, the 42 U.S.C. § 1985 and § 1986 claims, the shower claim, grievance claims, and claims against Defendants Lt. Gibson, Lt.

Dufarge, and Sgt. Watts as legally frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); (2) dismiss the conditions of confinement, the legal mail, and the retaliation claims for failure to state claims upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and give Plaintiff leave to amend these claims; and (3) allow Plaintiff to proceed on the telephone claims against Steven Wesley, Dawn McQuiston, and Lt. Russell.

An appropriate Order follows.